IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| *JILLIAN MARIAH OLIVIA STACEY,* <br>     Plaintiff, <br><br> *v.* <br><br> *SUNRISE CREDIT SERVICES, INC.,* <br>     Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

Plaintiff Jillian Mariah Olivia Stacey, by her counsel, Paúl Camarena, respectfully complains as follows:

### Introduction.

1) The Fair Debt Collection Practices Act prohibits debt collectors to use deceptive representations and to cause a telephone to ring with the intent to annoy. In the case at bar, Debt Collector-Defendant Sunrise Credit Services, Inc. places telephone calls from the east coast, but causes a local phone number to appear on Ms. Jillian Mariah Olivia Stacey's phone caller I.D. in order to deceive her into answering Defendant's call. After Ms. Jillian Stacey answers, Defendant Sunrise Credit Services disconnects those calls without making any statements at all. Thus, Defendant Sunrise Credit uses deceptive representations and causes Ms. Stacey's telephone to ring with no other intent but to annoy. Hence, Defendant Sunrise is violating the FDCPA.

### Jurisdiction and Venue.

2) Pursuant to 28 U.S.C. § 1331, United States District Courts have jurisdiction over this civil action because the action arises under the laws of the United States. Pursuant to 28 U.S.C. § 1391(b)(2), the Northern District of Illinois, Eastern Division, is the proper venue because a

substantial part of the events or omissions giving rise to this action occurred within the Eastern Division.

### Parties.

3) Plaintiff Jillian Mariah Olivia Stacey is a "consumer" as that term is defined in the Fair Credit Reporting Act at 15 U.S.C. § 1681a(c), and Ms. Jillian Mariah Olivia Stacey resides within the Eastern Division.

4) Defendant Sunrise Credit Services, Inc. is a "debt collector" as that term is defined in the Fair Debt Collection Practices Act at 15 U.S.C. § 1692a(6). Defendant Sunrise Credit Services, Inc. is also a corporation incorporated in the State of New York and authorized to transact business in Illinois.

### Factual Allegations.

5) Like millions of other Americans, Ms. Jillian Mariah Olivia Stacey has incurred significant consumer debts and, during the pandemic, she has struggled to service all of her consumer debts and she eventually became delinquent with respect to some consumer debts, including a consumer debt to AT&T.

6) Debt Collector-Defendant Sunrise Credit Services, Inc. eventually began collecting on Ms. Jillian Stacey's consumer debt to AT&T.

7) Defendant Sunrise Credit Services, Inc. places telephone calls from the east coast.

8) However, Defendant Sunrise Credit Services causes a local telephone number to appear on Ms. Stacey's phone caller identification system, so as to deceive her into believing that a relative or friend is calling her.

9) On several occasions when Defendant Sunrise Credit caused a local telephone number to appear on Ms. Stacey's phone caller I.D. system, she did believe that a relative or

friend was calling, and she answered those calls. (Had a non-local phone number appeared on Ms. Stacey's phone caller I.D, she would have assumed that the caller was a telemarketer or a debt collector and she would not have answered that call at all.)

10) After Ms. Stacey answered several of those telephone calls, Defendant Sunrise simply disconnected those calls without making any statement at all.

11) Defendant Sunrise's publishing of a local telephone number on Ms. Stacey's phone caller I.D. system caused injury to Ms. Stacey because the local number caused her to answer her phone during her free time. Had a non-local phone number appeared on Ms. Stacey's phone caller I.D, she would not have answered those calls at all be and she would have used her free time to perform other activities, such as watch television, socialize, or listen to music.

12) Defendant Sunrise's disconnecting of its telephone calls without making any statement at all also caused injury to Ms. Stacey because those disconnections were pestiferous to Ms. Stacey, whereas a call followed by a debt collector's identification and a civil conversation would not have been pestiferous.

## Causes of Action.

### Count One (15 U.S.C. § 1692d(5)).

13) The Fair Debt Collection Practices Act, at 15 U.S.C. § 1692d, provides that a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse." Subsection 1692d(5) specifically prohibits "[c]ausing a telephone to ring ... repeatedly or continuously with intent to annoy."

14) Defendant Sunrise violated Subsection 1692d(5) by causing Ms. Stacey's telephone to ring only to disconnect that phone call, without making any statement at all.

<u>Count Two  (15 U.S.C. § 1692d(6))</u>.

15) The Fair Debt Collection Practices Act, at 15 U.S.C. § 1692d, provides that a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse."  Subsection 1692d(6) specifically prohibits "the placement of telephone calls without meaningful disclosure of the caller's identity."  "Plaintiff alleges that Defendant hung up either prior to or as soon as Plaintiff [ ] or Plaintiff's voice mail answered the call.  Accordingly, if, as Plaintiff claims, Defendant called Plaintiff and hung up the phone, common sense dictates that Defendant did not provide 'meaningful disclosure of [its] identity,' as required by § 1692d(6)."  *Sussman v. I.C. Sys. Inc.*, 928 F. Supp. 2d 784, 794 (S.D.N.Y. 2013) (internal quotations and citations omitted).  "Plaintiff further contends that defendant violated FDCPA section 1692d(6) … by placing telephone calls to plaintiff and hanging up the line when plaintiff or his answering machine answers.  If, as plaintiff alleges, defendant calls plaintiff and hangs up the phone, common sense dictates that defendant has not provided meaningful disclosure under FDCPA section 1692d(6)."  *Langdon v. Credit Mgmt., L.P.*, 2010 WL 3341860, *2 (N.D.CA. 2010) (internal quotations omitted).

16) Defendant Sunrise violated Subsection 1692d(6) by placing telephone calls to Ms. Stacey and hanging up on her and on her voice mail, without making any statement at all.

<u>Count Three  (15 U.S.C. § 1692e)</u>.

17) The Fair Debt Collection Practices Act, at 15 U.S.C. § 1692e, provides that a "debt collector may not use any false, deceptive, or misleading representation or means."

18)  Defendant Sunrise violated Section 1692e by using misleading and deceptive (albeit not false) representations and means by placing telephone calls from the east coast while causing a local phone number to appear on Ms. Stacey's caller I.D. system, so as to deceive her into

believing that a relative or friend is calling her.

## Count Four  (15 U.S.C. § 1692e).

19) The Fair Debt Collection Practices Act, at 15 U.S.C. § 1692e, provides that a "debt collector may not use any false, deceptive, or misleading representation or means."  Subsection 1692e(11) specifically prohibits "the failure to disclose in [ ] communications that the communication is from a debt collector."

20)  Defendant Sunrise violated Subsection 1692e(11) by having a local telephone number appear on Ms. Stacey's phone caller I.D. system, causing her to answer that call, and then hanging up on her, without making any statement at all.

## **Prayer for Relief.**

WHEREFORE, Plaintiff Jillian Mariah Olivia Stacey prays that this Court holds a trial by jury and enters judgment in her favor (and against Defendant Sunrise) for her actual damages, statutory damages, and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a).

>Respectfully submitted,
>Plaintiff's, Jillian Mariah Olivia Stacey's, Counsel
>North & Sedgwick, L.L.C.

by: */s/ Paúl Camarena*
>Paúl Camarena, Esq.
>500 So. Clinton, No. 132
>Chicago, IL 60607
>paulcamarena@paulcamarena.com
>(312) 493-7494